## SUPREME COURT.

### CORNELIUS DAVENPORT agt. HIRAM LUDLOW.

The amount of a *verdict* rendered in an action of assault and battery, cannot be paid to the sheriff, on an execution against the party who recovered the verdict, under section 293 of the code. A verdict in *tort* must be consummated by *judgment* before it can be treated as an *indebtedness* under that section.

*It seems*, that under the code, an attorney cannot claim a lien for costs upon a judgment. That part of the Revised Statutes which heretofore regulated that subject is repealed.

*Tompkins Special Term, June* 1850.—This was a motion, made to set aside an execution issued against the defendant, under the following circumstances. The plaintiff recovered a verdict against the defendant in an action of assault and battery, for thirty dollars, on the 18th of April, 1850, and the judgment was perfected on the 26th of the same month for the damages and thirty dollars costs. On the 22d day of April, 1850, the defendant paid over to the sheriff sixty dollars on an execution in his hands against the present plaintiff, in favor of one Herrick, and took the sheriff's receipt therefor, under the provisions of section 293 of the code. The plaintiff assigned the judgment in this cause to his attorneys, and they issued the execution in question.

J. D. BEERS, *for the motion.*

W. V. BRUYN, *contra.*

SHANKLAND, Justice.—The 293d section of the code enacts, that after the issuing of execution against property, any person *indebted* to the judgment debtor, may pay to the sheriff the amount of his *debt,* or so much thereof as shall be necessary to satisfy the execution, and the sheriff's receipt shall be a sufficient discharge for the amount so paid." The plaintiff's attorneys interpose two objections to the motion : *First,* that they have a lien for their costs to the amount of thirty dollars, which cannot be affected by the payment made by the defendant to the sheriff; and *Second,* that at the date of the payment, the demand had not become a *debt,* so as to admit of payment within the meaning of that section of the code.

I think it quite doubtful, whether the attorney can claim a lien for costs on a judgment recovered under the code. Formerly the costs, as between party and party was the measure of compensation between attorney and client; and the courts protected the attorney to the extent of those costs, from the fraudulent acts of the parties, in attempting to deprive him of them. But by the provisions of the code (§ 303,) all statutes establishing or regulating the costs or fees of attorneys, and all existing rules of law restricting or controlling the right of a party to agree with an attorney for his compensation, are repealed; and the measure of compensation is left to the express or implied agreement of the parties; and the costs now allowed to be recovered of the losing party are given to the prevailing party by way of indemnity for his expenses in the action. Since the adoption of these provisions, the costs recovered of the opposite party are no longer the measure of compensation of the attorney. He has nothing to do with them. In the absence of an express agreement the attorney now recovers what he reasonably deserves to have for his services. It may be *more,* or *less* than the costs taxed against the opposite party. I am

inclined to the opinion that the attorney's supposed lien for costs, cannot be urged as a hindrance to the payment of a judgment, on an execution against a plaintiff, according to the 293d section of the code.

But the second objection to the granting of this motion must prevail. At the time the payment was made to the sheriff no judgment had been obtained in this action of tort. The verdict had been rendered on the 18th of April, but no record had been filed, and whether a judgment would ever be rendered was uncertain. A verdict is only a step towards the judgment; the progress of the suit may still be stopped after verdict, by arrest of judgment, or the granting a new trial.

It is true, that after the lapse of four days from the verdict, the clerk may enter judgment final, unless the court order otherwise. But in this case the four days had not expired after verdict, and before the payment was made. In the matter of John Charles, a bankrupt, (14 East. Rep. 197,) it was held that a verdict, in an action for a breach of a marriage promise, was not a *debt* on which a commission of bankruptcy could be founded; that it was not a *debt* until consummated by judgment. In *Crouch* v. *Gridley*, (6 Hill's Rep. 250,) it was held that the defendant's liability for a *tort* is not affected by his discharge under the bankrupt law, unless before the petition of bankruptcy was presented, the demand had become a *debt* by being converted into a judgment; and that the verdict of a jury, or report of referees, merely liquidated the damages, but did not change their character, until judgment perfected therein. I therefore decide, that the defendant, in an action of assault and battery, cannot pay the amount of the recovery against him, on an execution against the plaintiff, in pursuance of the 293d section of the code, until the recovery is consummated by a judgment. This motion is denied with seven dollars costs.